**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

| | | |
|---|---|---|
| **KYLE STALCUP, individually and on behalf of similarly situated individuals,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No.** |
| | ) ) | |
| **PROCTORU, INC., a Delaware corporation,** | ) ) | |
| **Defendant.** | ) ) | |

**NOTICE OF REMOVAL**

To the Clerk of the United States District Court for the Central District of Illinois, Urbana

Division; and to Plaintiff Kyle Stalcup and his attorneys of record:

**PLEASE TAKE NOTICE** that Defendant ProctorU, Inc. ("ProctorU") hereby files this

Notice of Removal on the grounds set forth below.

1.      The state court civil action is removable to this Court, and this Court has subject

matter jurisdiction over this civil action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

§ 1332(d), as well as 28 U.S.C. §§ 1441(a), and 1453, because this is a putative class action

involving more than 100 putative class members, the aggregate amount in controversy, excluding

interest and costs, exceeds $5,000,000, and there is minimal diversity.

**I.      PLEADINGS, PROCESS, AND PERTINENT MOTIONS**

2.      Plaintiff Kyle Stalcup filed this putative class action against a different defendant,

Veratad Technologies LLC ("Veratad") in the Circuit Court of Champaign County, Illinois, Sixth

Judicial Circuit (the "State Court"), Case No. 2021 L 000163 (the "Action"), on October 20, 2021.

*See generally* Class Action Complaint with Jury Demand ("Complaint" or "Compl."). (*See* Ex. 1-

A, Compl.).  The Complaint alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

3.      On November 26, 2021, Veratad removed the Action to the United States District Court for the Central District of Illinois (the "United States District Court") based on diversity jurisdiction.  (*See* Ex. 2-A, Notice of Removal).

4.      The Action was assigned to Judge Colin Sterling Bruce and bore case number 2:21-cv-02291-CSB-EIL. (*See* Ex. 2-E, Stipulation to Remand Action to the Circuit Court of Champaign County, Illinois ("Stipulation to Remand")).

5.      On January 7, 2022, Plaintiff and Veratad filed the Stipulation to Remand.  (*Id.*) The Stipulation to Remand states that "Plaintiff has agreed to dismiss the action against Veratad, with prejudice," and that "the Parties [] agreed to remand [the] Action to the Circuit Court of Champaign County, Illinois. . . ."  (*Id.*).

6.      On January 10, 2022, Judge Bruce entered a Judgment in a Civil Case remanding the Action to State Court. (*See* Ex. 2-F, Judgment in a Civil Case).

7.      On February 9, 2022, the State Court granted Plaintiff's Unopposed Motion for Leave to File an Amended Complaint, and ordered that:  "Upon the filing of Plaintiff's First Amended Complaint, Defendant Veratad Technologies LLC shall be dismissed from this matter with prejudice."  (*See* Ex. 1-G, Order).

8.      On February 15, 2022, Plaintiffs filed their First Amended Class Action Complaint with Jury Demand ("Amended Complaint") in State Court. (*See* Ex. 1-H, Amended Compl.).  The Amended Complaint names, for the first time, ProctorU as the defendant.  It alleges that ProctorU committed violations of BIPA. (Amended Compl. ¶¶ 34-52).  The Amended Complaint alleges that ProctorU is "an internet-based identity verification technology company which also

specializes in online-proctoring of remote test takers, capturing, collecting, storing, using, and therefore possessing Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA." (*Id*. at ¶ 2). It further alleges that Plaintiff is seeking certification of the following class: "All individuals whose biometrics came into Defendant's possession via its ProctorU technology in Illinois any time within the applicable limitations period." (*Id*. at ¶ 26). Plaintiff estimated that "there are at least hundreds of members of the Class. . . ." (*Id*. at ¶ 28). The total amount in controversy is not clear from the face of the Amended Complaint. The Amended Complaint seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class Members, together with costs and reasonable attorneys' fees. (*Id*. at ¶¶ 43, 52). For statutory damages, for each of the BIPA violations alleged, Plaintiff seeks an award of "statutory damages of $5,000 for each willful and/or reckless violation of BIPA; and an award of $1,000 for each negligent violation of BIPA." (*Id*.). The Amended Complaint is Plaintiff's operative pleading at the time of this Notice of Removal.

9.    Plaintiff filed in the State Court a summons directed to Corporation Service Company as "Registered Agent" for ProctorU, listing a Delaware address for Corporation Service Company. (*See* Ex. 1-J, Summons). The Summons states that the amount claimed in the lawsuit is "$50,000+ (to be determined)." (*Id.* at p. 2). It is dated February 18, 2022. (*Id.*).

10.    On February 15, 2022, Plaintiff filed "Plaintiff's Amended Motion for Class Certification, or, alternatively, for a Deferred Class Certification Ruling Pending Discovery" ("Amended Motion for Class Certification") in the State Court. (*See* Ex. 1-I, Plaintiff's Amended Motion for Class Certification). There is no certificate of service attached to the Amended Motion for Class Certification. (*Id.*). ProctorU was never served with Plaintiff's Amended Motion for

Class        Certification.        (*See*        Ex.        4,        Declaration        of        Dr.
Ashley Norris in Support of ProctorU, Inc's Notice of Removal ("Norris Decl.") at ¶6).

11.    Corporation Service ("CSC") is a registered agent service provider in the State of
Delaware. CSC maintains an office location at 251 Little Falls Drive, Wilmington, DE 19808 for
the receipt and intake of legal documents for business entities that designate CSC as their registered
agent.  (*See* Ex. 3, Affidavit of Steve Kirvan, ("Kirvan Aff.") at ¶ 5).

12.    CSC acts as the registered agent for ProctorU, in the State of Delaware. (*Id*. at ¶ 6).

13.    On February 18, 2022, CSC's Delaware office received, via personal service, a
Summons and the Amended Complaint in this Action directed to ProctorU.  (*Id*. at ¶ 7).

14.    On February 22, 2022, CSC forwarded the Amended Complaint via email to Janie
Illing at jilling@proctoru.com.  (*Id.* at ¶ 8).

15.    On March 4, 2022, a CSC Tracking Report shows that the Amended Complaint had
never been viewed. CSC sent the Amended Complaint out via FedEx to Janie Illing's attention at
3687 Old Santa Rita Rd, Ste 202, Pleasanton CA 94588. FedEx Tracking 270519015029.  (*Id*. at
¶ 9).

16.    On March 25, 2022, the Amended Complaint was returned by FedEx as
undeliverable.  (*Id*. at ¶ 10).

17.    On March 28, 2022, CSC reviewed the Delaware Division of Corporation filings
for ProctorU and found the address 2200 Riverchase Center, Ste 600, Birmingham, AL 35244.
CSC sent another email notification to Janie Illing at jilling@proctoru.com and another package
via FedEx to her attention at the 2200 Riverchase Center address, but it was incorrectly addressed
to Birmingham, CA. FedEx Tracking 271381633281. (*Id*. at ¶ 11).

18. On March 29, 2022, an "Affidavit of Process Server" was filed in the Action in the State Court stating that the Summons and First Amended Class Action Complaint with Jury Demand was served on ProctorU by leaving a copy at CSC at its Delaware address. (*See* Ex. 1-K, Affidavit of Process Server).

19. On April 1, 2022, the Amended Complaint was returned to CSC as undeliverable again by FedEx. CSC reviewed the Delaware corporate records and found that the last Annual Report from April 5, 2020 was signed by Jamie Illing. CSC once again sent out the package via FedEx to the attention of Corporate Counsel at 3687 Old Santa Rita Rd, Ste 202, Pleasanton, CA 94588 via FedEx Tracking number 271550604557. (*See* Ex. 3, Kirvan Aff. ¶ 12).

20. On April 4, 2022, CSC's Delaware office received a Plaintiff's Motion for Leave to Conduct Class Discovery in this Action directed to ProctorU, Inc. (*Id*. at ¶ 15).

21. On April 7, 2022, CSC forwarded Plaintiff's Motion for Leave to Conduct Class Discovery to ProctorU, Inc., by email to Janie Illing jilling@proctoru.com. (*Id*. at ¶ 16).

22. On April 14, 2022, the Amended Complaint was returned as undeliverable by FedEx. CSC re-mailed it to Corporate Counsel at 2200 Riverchase Center, STE 600, but it was incorrectly addressed to Birmingham, CA. FedEx Tracking 272039559250. (*Id*. at ¶ 13).

23. On April 22, 2022, the Amended Complaint was returned as undeliverable by FedEx. CSC issued an Unable to Forward Service of Process letter sent to Andrew T Heldut, McGuire Law, P.C., 55 W Wacker Dr., 9th FL, Chicago, IL 60601 by regular U.S. mail. (*See* Ex. 3-A, Unable to Forward Process; Ex. 3, Kirvan Aff. ¶ 14, Ex. A).

24. On April 25, 2022, a CSC Tracking Report showed the April 7, 2022 email to Janie Illing with Plaintiff's Motion for Leave to Conduct Class Discovery as unread. CSC re-sent the document out via FedEx to Janie Illing at 3687 Old Santa Rita Rd., Ste 202, Pleasanton, CA

94588. FedEx tracking 272384293708. (*See* Ex. 3, Kirvan Aff. ¶ 17).

25.    On May 3, 2022, the package was returned as undeliverable by FedEx.  (*Id*. at ¶ 18).

26.    On May 4, 2022, CSC sent Plaintiff's Motion for Leave to Conduct Class Discovery in this Action via FedEx to Amanda Sowle at 2200 Riverchase Center, Ste 600, Birmingham, AL 35244, FedEx tracking 272757992156.  (*Id*. at ¶¶ 19–20).

27.    On May 5, 2022, ProctorU received a package from CSC via Federal Express, tracking number 272757992156, addressed to "Corporate Officer, ProctorU, 2200 Riverchase Center, Ste 600, Birmingham, Alabama 35244."  This package contained a "Notice of Service of Process," Transmittal Number 24866926 and Plaintiff's Motion for Leave to Conduct Class Discovery.  (*See* Ex. 4, Norris Decl. ¶ 5).

## II.    <u>CITIZENSHIP OF THE PARTIES</u>

### A.    **Citizenship of Plaintiff**

28.    As alleged in the Amended Complaint, Plaintiff is an Illinois citizen.  (*See* Ex. 1-H, Amended Compl. ¶ 16).

### B.    **Citizenship of Defendant**

29.    ProctorU is, and was at the time the Amended Complaint was filed, a Delaware company with its principal place of business in Alabama. (*See* Ex. 4, Norris Decl. ¶ 4).

## III.    <u>THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA</u>

30.    Plaintiff's operative pleading indicates that he filed this civil action on behalf of himself and "[a]ll individuals whose biometrics came into Defendant's possession via its ProctorU technology in Illinois any time within the applicable limitations period," and excluded "any members of the judiciary assigned to preside over this matter, any officer or director of defendant,

and any immediate family member of such officer or directors."  (*See* Ex. 1-H, Amended Compl. ¶¶ 26–27).

31.    The gravamen of the Amended Complaint is that ProctorU is a biometric identity verification company that provides online-testing proctoring services to various clients who are educational institutions, that ProctorU collected and possessed the biometrics of Plaintiff and other purported class members but failed to make publicly available any BIPA-required biometric retention and destruction policy, and that ProctorU profited off Plaintiff's and purported class members' biometric identifiers by charging for the use of its online biometric-verification technology, also in violation of BIPA.  (*Id.* at ¶¶ 19, 21–25).

32.    CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. *See Hart v. FedEx Ground Package Sys.*, *Inc.*, 457 F.3d 675, 676–77 (7th Cir. 2006); *id.* at 681 ("". . . section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions shall be heard in a federal court if properly removed by any defendant."") (quoting S. Rep. 14, 109th Cong., 1st Sess. 43 (2005), 2005 U.S.C.C.A.N 3, 41).  The lone defendant in this case unquestionably is an out-of-state defendant. The Seventh Circuit has recognized that CAFA "loosens removal requirements . . . ."  *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).  CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are removable to federal court where: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d) (Westlaw through P.L. 117-120); *Hart*, 457 F.3d at 679. Those three requirements for CAFA jurisdiction are met in this Action.[1]

### A.    The Putative Class Exceeds 100 Members

33.    The first CAFA requirement is that the purported class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). That first requirement is readily met here.

34.    Plaintiff describes the class as consisting of "[a]ll individuals whose biometrics came into Defendant's possession via its ProctorU technology in Illinois any time within the applicable limitations period." (*See* Ex. 1-H, Amended Compl. at ¶ 26). Plaintiff alleges that there are "at least hundreds of members of the Class . . . ." (*Id.* at ¶28). Thus, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B.    Minimal Diversity Exists

35.    The second CAFA requirement is minimal diversity – at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

36.    Here, Plaintiff alleges that she is an Illinois citizen. (*See* Ex. 1-H, Amended Compl. at ¶ 16). ProctorU is a company incorporated in Delaware with its principal place of business in Alabama. (*Id.* at ¶15; *see* Ex. 4, Norris Decl. ¶ 4). Thus, the minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### C.    The CAFA Amount in Controversy Is Satisfied

37.    The third CAFA requirement is that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2); 1332(d)(6).

---

[1] The amounts set forth in this Notice of Removal are solely for the purposes of establishing that CAFA jurisdiction is met and are not intended and cannot be construed as an admission that Plaintiff can state a claim, certify a class, or is entitled to damages in any amount.

38.    A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). *See also Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). Further, at the jurisdictional stage, the pertinent question is "how the stakes exceed $5 million," not how much the plaintiffs are ultimately likely to recover. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)); *see also Roppo*, 869 F.3d at 579 (quoting *Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 763 (7th Cir. 2011) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.").

39.    Plaintiff's Amended Complaint did not affirmatively and unambiguously disclose facts establishing that $5 million dollars was the amount-in-controversy, or the amount at stake. As discussed below, Plaintiff's Amended Complaint allegations as to the estimated number of class members, its prayer for relief, and ProctorU's independent research into the number of class members have likely put into controversy an amount that exceeds the $5,000,000 threshold, as set forth in 28 U.S.C. § 1332(d)(6).

40.    Plaintiff has not made a specific damages demand. Plaintiff's Amended Complaint estimated that "there are at least hundreds of members of the Class. . . ." (*See* Ex. 1-H, Amended Compl. ¶ 28). The Amended Complaint's prayer for relief seeks an award of statutory damages to the Class Members, together with costs and reasonable attorneys' fees. (*Id*. at ¶¶ 43, 52). For statutory damages, for each of the BIPA violations alleged, Plaintiff seeks an award of "statutory damages of $5,000 for each willful and/or reckless violation of BIPA; and an award of $1,000 for each negligent violation of BIPA." (*Id.*). ProctorU, through its own investigation of its own records taken after receipt of Plaintiff's Motion for Leave to Conduct Class Discovery, has

determined that there are at least 1,000 purported class members under Plaintiff's proposed class definition as of the time of the Amended Complaint, and as of the date of this removal. (*See* Ex. 4, Norris Decl. ¶ 7).

41.    Based on Plaintiff's allegations and representations, as well as ProctorU's investigation conducted after May 5, 2022, the amount in controversy in this Action plainly exceeds $5,000,000. If each of the at least purported 1,000 class members seeks $5,000 in statutory damages for each BIPA violation, the amount in controversy for statutory damages alone is $10,000,000 (1,000 purported class members x $5,000 statutory penalty x 2 BIPA statutory claims).  That calculation does not even take into account the injunction, pre-judgment interest and post-judgment interest, and attorney's fees and costs that Plaintiff also seeks. (*See* Ex. 1-H, Amended Compl., ¶¶ 43, 52).  Under these circumstances, ProctorU's allegation that the amount in controversy exceeds $5,000,000 is certainly plausible. *See Dart Cherokee*, 574 U.S. at 88.

42.    For the foregoing reasons, the $5,000,000 CAFA amount in controversy requirement is satisfied here. *See* 28 U.S.C. §§ 1332(d)(2); 1332(d)(6).

## IV.    **TIMELINESS OF REMOVAL**

43.    ProctorU's removal of this putative class action is timely.

44.    Under 28 U.S.C. § 1446(b), there are two separate thirty day removal clocks, each "triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present."  *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823–24 (7th Cir. 2013).  "Every circuit that has addressed the question of removal timing has applied §1446(b) literally and adopted some form of a bright-line rule that limits the court's inquiry to the clock-triggering pleading or other paper and, with respect to the jurisdictional amount in particular, requires a specific, unequivocal statement from the plaintiff regarding the damages sought."  *Id.*

at 824.  "We follow the lead of our sister circuits and now adopt the same approach.  The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.  With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought."  *Id.*  In this Action, there was no "specific, unequivocal statement from the plaintiff regarding damages sought" that established a $5 million amount in controversy in any of the pleadings received by ProctorU.  Thus, the 30-day deadlines for removal under 28 U.S.C. §1446(b) have not been triggered, and "the removal clock never actually started to run."  *Id.* at 825.  ProctorU's removal is thus timely.

45.    ProctorU's Notice of Removal is timely because in the Seventh Circuit, "if a defendant independently discovers that the case is removable under the terms of the Class Action Fairness Act, it may remove the case at whatever point it deems appropriate, regardless of whether the window for removal on another basis already opened and closed."  *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 239 (7th Cir. 2021).  ProctorU has timely removed this Action based on its own independent discovery that this case is removable under CAFA, as set forth above.

46.    For these reasons, ProctorU's removal is timely.

## V.    ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

47.    Venue in this district is based on 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending in State Court.

48.    Along with this Notice of Removal, ProctorU is providing this Court with a copy of all process, pleadings, and orders served upon ProctorU in this Action, included within Exhibit 1. *See* 28 U.S.C. § 1446(a); (*See* Ex. 1).

49.    "Promptly after filing [this] notice of removal," ProctorU will "give written notice thereof to all adverse parties and . . . file a copy of the notice with the clerk of" the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois.  28 U.S.C. § 1446(d).

## VI.    <u>CONCLUSION</u>

50.    For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441(a), and 1453.

51.    In the event that any questions should arise with regard to the propriety of the removal of this Action, ProctorU respectfully requests the opportunity to present a brief and oral argument in support of its positions expressed herein.

**WHEREFORE**, ProctorU hereby gives notice that all further proceedings in this civil action shall take place in the United States District Court for the Central District of Illinois, Urbana Division, unless and until held otherwise by that Court.

Dated: May 20, 2022.

Respectfully submitted,

 _/s/ Thomas J. Butler_
Thomas J. Butler
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1063
Facsimile: (205) 714-6425
tbutler@maynardcooper.com

_Attorney for Defendant, ProctorU, Inc._

## CERTIFICATE OF SERVICE

I certify that on May 20, 2022, I e-filed the foregoing with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the following:

Andrew T. Heldut (ARDC #6331542)
David L. Gerbie (ARDC #6323942)
Timothy P. Kingsbury (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL  60601
Tel: (312) 893-7002
aheldut@mcgpc.com
dgerbie@mcgpc.com
tkingsbury@mcgpc.com

_Attorneys for Plaintiff and the Putative Class_

I also certify that on the same day I mailed, via U.S. Mail, the document to the following:

Andrew T. Heldut (ARDC #6331542)
David L. Gerbie (ARDC #6323942)
Timothy P. Kingsbury (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL  60601

/s/      *Thomas J. Butler*
Thomas J. Butler