E-FILED
Monday, 23 May, 2022  12:54:47 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

# EXHIBIT 1-A

**FILED**

SIXTH JUDICIAL CIRCUIT

10/20/2021 1:04 PM
By: AL

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | No. 2021L 000163 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) ) | |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Kyle Stalcup ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Veratad Technologies LLC ("Defendant" or "Veratad"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.     This case is about an internet-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric

identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3.    In an effort to confirm test-takers' identities or facilitate online purchases of various age-restricted products, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their identities and ages.

4.    Specifically, Veratad incorporates its identity verification service into third-party online-proctoring software used by educational institutions, whereby Defendant's verification software extracts students' biometrics in order to verify their identities and track them during remote exams.

5.    Additionally, consumers seeking to purchase age-restricted products from Defendant's clients are required to undergo Defendant's identity and age-verification process which also relies on comparisons of individuals' biometric data.

6.    In both instances, this involves uploading a photo to Defendant's portal service and/or widget that is already incorporated into Defendant's customers' platforms. Defendant requires consumers to upload their driver's license, passport, or other photo ID. Next, the system proceeds to have consumers upload their photograph featuring the consumer's face (i.e. a "selfie"). Both are taken with their computer's webcam or their cell phone camera.

7.    Once the photograph is uploaded, Defendant then uses facial recognition technology to compare and match the consumer's face in the photograph to the face appearing on the consumer's photo ID. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.

8.    Facial geometry is a unique and permanent biometric identifier associated with each individual. The unauthorized handling of such sensitive information exposes consumers to serious

and irreversible privacy risks. If for example, a database containing scans of face geometry or other sensitive biometric data is hacked, breached, or otherwise exposed, consumers cannot simply change their biometric identifiers like they could reset a password or cancel a credit card.

9.      Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

> a.   inform that person in writing that biometric identifiers or biometric information will be collected or stored;
>
> b.   inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and
>
> c.   receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

10.     BIPA also requires a private entity in possession of biometric identifiers or biometric information  to make publicly available a written policy outlining its storage and destruction policies for such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

11.     Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c)-(d).

12.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

13.     Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

14.     BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

15.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.

16.     Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and informing them how long it intends to keep such biometric data, as required by BIPA.

17.     Defendant also stores individuals' biometric data but has failed to make publicly available a written policy specifying how long it retains such data and when it will destroy it, as required by BIPA.

18.     Defendant's conduct is particularly unsettling considering the fact that this extremely sensitive biometric data is also associated with consumers' government-issued identification documents. Despite the sensitive nature of such data, and despite the passage of BIPA over a decade ago, Defendant wholly avoids any costs associated with implementing its biometric identity and age verification system in compliance with the law.

19.     The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when, like in this case, a person's biometric information is also associated with government issued or other photo identification.

20.     Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing his biometrics, and those of hundreds of other consumers throughout the state of Illinois, without their informed written consent, in direct violation of BIPA.

21.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

22.     Defendant Veratad Technologies is a New Jersey limited liability company that conducts and transacts business throughout the state of Illinois and knowingly transacts with Illinois residents. Defendant collects Illinois citizens' biometric data off their Illinois state identification documents.

23.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and had his biometrics handled by Defendant in Champaign County, Illinois.

## JURISDICTION AND VENUE

24.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

25.     Venue is proper in Champaign County, Illinois, pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Champaign County, Illinois, and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Champaign County.

## FACTUAL BACKGROUND

26.     Defendant provides online identity verification services, which include a biometric verification component, to various clients in the retail and education industries. For example, Defendant's identity verification service is incorporated into remote exam proctoring software in order to verify exam takers' identities and is used by businesses that sell age-restricted consumer products over the internet as well as other companies required to verify their customers' identities.

6

By integrating its identify verification service with its clients' websites, Defendant collects information (including biometric data) directly from its clients' customers.

27.     Defendant openly acknowledges that it uses biometrics to verify consumers' identities.[1]

28.     In or around fall of 2019, Plaintiff was subjected to Defendant's identity verification software in Champaign, Illinois while he was a student. Before being allowed to enter an online exam, Plaintiff was instructed by Defendant to complete a series of steps to verify his identity.

29.     Plaintiff was directed to Defendant's ID verification portal, where he was directed to upload his Illinois Driver's License and then take a "selfie" photograph of his face.

30.     Using its proprietary facial recognition and matching technology, Defendant then collected, stored, and analyzed Plaintiff's facial geometry in order to compare his face with the photograph on his Illinois Driver's License, and thus verify his age and identity.

31.     On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties for data storage purposes in order to facilitate future transactions, but failed to obtain his consent to do so as required by 740 ILCS 14/15(d).

32.     Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics as required by 740 ILCS 14/15(b).

33.     In addition, at the time Defendant collected and came into possession of Plaintiff's biometrics, Defendant failed to make publicly available any biometric retention and destruction policy, as required by 740 ILCS 14/15(a).

---

[1] https://veratad.com/methods/biometrics/ <last accessed October 9, 2021>.

34.    By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

**CLASS ALLEGATIONS**

35.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

36.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

37.    Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

38.    Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

39.    There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.  Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

b.  Whether Defendant made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics;

c.  Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

d.  Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before collecting such biometrics;

e.  Whether Defendant's conduct violates BIPA;

f.  Whether Defendant's violations of BIPA are willful or reckless; and

g.  Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

40.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

41.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and

have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

42.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiff and the Class)**

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     Defendant is a private entity under BIPA.

45.     Plaintiff and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained and/or used by Defendant. *See* 740 ILCS 14/10.

46.     Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA's other mandates.

47.     Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their informed written consent.

48.     Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

        a.   Defendant failed to inform Plaintiff and the Class members in writing that

10

their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to make publicly available any written retention schedule detailing the specific length of time the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

49.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class members their right to statutorily-required information, and violated their respective rights to biometric information privacy, as set forth in BIPA.

50.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

51.    Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply with BIPA's disclosure, consent, and retention policy publication requirements.

52.    Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.    Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.    Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.     Awarding pre- and post-judgment interest, as allowable by law; and

h.     Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 20, 2021                    Respectfully Submitted,

                                           KYLE STALCUP, individually and on behalf of a
                                           class of similarly situated individuals

                               By:     /s/ Andrew T. Heldut
                                       *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

13

FILED
SIXTH JUDICIAL CIRCUIT

10/20/2021 1:04 PM
By: AL

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | No. **2021L 000163** |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. |
| | ) | |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) | |
| | ) | |

**DEMAND FOR JURY**

Plaintiff, Kyle Stalcup, herein demands a trial by jury (12) in the above-captioned case.


Dated: October 20, 2021                    Respectfully Submitted,

                                           KYLE STALCUP, individually and on behalf of a
                                           class of similarly situated individuals

                              By:    /s/ Andrew T. Heldut
                                     *One of Plaintiff's Attorneys*


Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT 1-B

FILED
SIXTH JUDICIAL CIRCUIT

10/21/2021 10:04 AM
By: AL

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

|  |  |  |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2021-L-000163 |
| v. | ) ) | |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) | |

---

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Kyle Stalcup, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: October 21, 2021

Respectfully Submitted,

KYLE STALCUP, individually and on behalf of a class of similarly situated individuals

By:    /s/ Andrew T. Heldut
       *One of Plaintiff's Attorneys*

1

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose biometric identifiers and biometric information were captured, collected, stored, and used by Veratad Technologies LLC ("Defendant") in Illinois. Defendant, an online document authentication & identity verification solutions business, by relying on new technologies, including biometrically-enabled technologies for identity verification purposes for various educational-related industries (i.e. remote exam proctoring software businesses) and the online retail sector that sells age-restricted products, has violated Illinois law by capturing, collecting, storing and using individuals' biometrics without obtaining proper consent, by failing to provide such individuals with a retention schedule explaining how long such biometric information and biometric identifiers are used and stored, and when they will be destroyed and by transmitting said biometric information to third parties without the consent of Plaintiff or the putative class. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I.    INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include face scans, voice prints, handprints, fingerprints and palm scans; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) In recognition of the importance of the security of individuals'

biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. (Compl. ¶¶ 9, 10.)

I.    **FACTUAL BACKGROUND**

   A.    **The Underlying Misconduct.**

Defendant has taken the biometrics of hundreds of people within the state of Illinois. (Compl., ¶¶ 20, 37.)  During the relevant period, Defendant implemented an invasive biometric face scanning program for identification purposes. (Compl. ¶ 15.) Defendant required Plaintiff to use its system to capture his biometrics to verify his identity.  (Compl. ¶¶ 28, 30.) Defendant uses identity verification technology to capture, collect, store, and disseminate Plaintiff's and other Class member's biometrics. (Compl. ¶¶ 2, 3, 26, 30, 31.)

However, Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendant failed to provide individuals with a retention schedule and deletion policies which detail how and when Defendant would retain and then destroy the individuals' biometric information and/or biometric identifiers and, finally, Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl. ¶¶ 31-33.) On information and belief, Defendant does not have a policy of informing

individuals in any way what happens to their biometric information after it is collected and obtained, whether it still retain their biometrics, and if it does, for how long it intends to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. (Compl. ¶¶ 16, 17.) Despite its practice of taking the biometric information of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information.

### B.     The Proposed Classes

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

(Compl. ¶ 35.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## II.     ARGUMENT

### A.     Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should

accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378

Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the

maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure,

which provides:

> An action may be maintained as a class action in any court of this State and a party
> may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is
>      impracticable.
> (2)  There are questions of fact or law common to the class, which
>      common questions predominate over any questions affecting only
>      individual members.
> (3)  The representative parties will fairly and adequately protect the
>      interest of the class.
> (4)  The class action is an appropriate method for the fair and efficient
>      adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal

decisions interpreting Rule 23 are persuasive authority with regard to questions of class

certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005).

Circuit courts have broad discretion in determining whether a proposed class meets the

requirement for class certification and ought to err in favor of maintaining class certification.

*Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard*

*RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties

have yet to fully develop the facts needed for certification, then they can also ask the district court

to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.     The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least hundreds of members of the Class. (Compl. ¶ 20, 37.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined

from Defendant's records. Furthermore, it would be completely impracticable to join the claims

of the members of the Class, because they are disbursed throughout Illinois, and because absent a

class action, few members could afford to bring an individual lawsuit over the amounts at issue in

this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d

at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or

law common to the class" and those questions "predominate over any questions affecting only

individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the

members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner*

*v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions

must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc.*

*v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are

based on the same legal theory, and implicate, among others, the following common issues:

whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members

of the Class; whether Defendant made available to the public a written policy establishing a

retention schedule and guidelines for permanently destroying biometrics; whether Defendant

obtained a written release from the members of the Class before capturing, collecting, or otherwise

obtaining their biometrics; whether Defendant provided a written disclosure to the members of the

Class that explains the specific purposes, and the length of time, for which biometrics were being

collected, stored, and used before collecting such biometrics; whether Defendant's conduct

violates BIPA; whether Defendant's violations of BIPA are willful or reckless; and whether

Plaintiff and other Class members are entitled to damages and injunctive relief.. (Compl. ¶ 39.) As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, he was subjected to Defendant's invasive biometric face scanning technology and that Defendant captured, collected, stored, and disseminated his biometrics. Plaintiff has also alleged that Defendant did so without complying with the BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly

engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.     Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data

privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: October 21, 2021                    Respectfully Submitted,

KYLE STALCUP, individually and on behalf of a class of similarly situated individuals

By:    /s/ Andrew T. Heldut
          *One of Plaintiff's Attorneys*

11

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF FILING**

The undersigned, an attorney, hereby certifies that on October 21, 2021, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

/s/ Andrew T. Heldut

# EXHIBIT 1-C

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | For Court Use Only |
|---|---|---|
| Champaign COUNTY | | |

| Instructions ▾ | | |
|---|---|---|
| Enter above the county name where the case was filed. | KYLE STALCUP, on behalf of a class | |
| | **Plaintiff / Petitioner** (First, middle, last name) | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| | VERATAD TECHNOLOGIES LLC | 2021L000163 |
| | **Defendant / Respondent** (First, middle, last name) | **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) | |

| IMPORTANT INFORMATION: | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|
| | E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. |
| | Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |

| Plaintiff/Petitioner: | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. |
|---|---|
| | If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

**1. Defendant/Respondent's address and service information:**

| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. Defendant/Respondent's primary address/information for service: |
|---|---|
| | Name *(First, Middle, Last)*: VERATAD TECHNOLOGIES LLC |
| | Registered Agent's name, if any: BRETT HARRIS - Wilentz, Goldman & Spitzer |
| | Street Address, Unit #: 90 WOODBRIDGE CENTER DRIVE SUITE 900, BOX 10 |
| | City, State, ZIP: WOODBRIDGE, NJ, 07095-0958 |
| | Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: |
| | Name *(First, Middle, Last)*: _____ |
| | Street Address, Unit #: _____ |
| | City, State, ZIP: _____ |
| | Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent: |
| | ☐ Sheriff  ☐ Sheriff outside Illinois: _____ |
| | *County & State* |
| | ☐ Special process server  ☐ Licensed private detective |

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 + (to be determined) |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* MCGUIRE LAW, P.C.<br>Street Address, Unit #: 55 WEST WACKER DRIVE, 9TH FLOOR<br>City, State, ZIP: CHICAGO, ILLINOIS 60601<br>Telephone: (312) 820-9010   Email: AHELDUT@MCGPC.COM |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this** *Summons (Defendant)***:**<br>☑ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address: Champaign County Circuit Court, 101 East Main Street<br>City, State, ZIP: Urbana, Illinois 61801 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b.  Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>   *Date*   *Time*   *Courtroom*<br>In-person at:<br>_____<br>*Courthouse Address*   *City*   *State*   *ZIP* |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**<br>By telephone: _____<br>   *Call-in number for telephone remote appearance*<br>By video conference: _____<br>   *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>   *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>*Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | 10/21/2021<br>**Witness this Date:** _____ AL<br>**Clerk of the Court:** *Susan W. McGrath* |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

*Seal of Circuit Court of the Sixth Judicial Circuit — Champaign County, Illinois*

<table>
<tr><td colspan="2">

**STATE OF ILLINOIS,**
**CIRCUIT COURT**

Champaign    **COUNTY**
</td><td>

**PROOF OF SERVICE OF
SUMMONS AND
COMPLAINT/PETITION**
</td><td>

*For Court Use Only*
</td></tr>
</table>

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | KYLE STALCUP, on behalf of a class |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. |
| | VERATAD TECHNOLOGIES LLC |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2021L000163

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    And left it with: _____
                      *First, Middle, Last*

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
                                *First, Middle, Last*

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address: _____

    City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2021 000163

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT 1-D

FILED
SIXTH JUDICIAL CIRCUIT

11/26/2021 11:24 AM
By: AL

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS**

KYLE STALCUP, individually and on behalf of       )
similarly situated individuals,                    )
                                                   )
                        Plaintiffs,                )
                                                   )
        v.                                          )
                                                   )    Case No. 2021-L-000163
VERATAD TECHNOLOGIES LLC, a New                    )
Jersey limited liability company,                  )
                                                   )
                        Defendant.                 )
                                                   )
                                                   )

**NOTICE OF FILING NOTICE OF REMOVAL**

Please take notice that defendant Veratad Technologies LLC ("Veratad") has filed a Notice

of Removal in the United States District Court for the Central District of Illinois, removing this

case from this Court to the district court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A

duplicate of Veratad's Notice of Removal is appended to this Notice of Filing Notice of Removal.

Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until the case is

remanded.

Dated: November 26, 2021              Respectfully submitted,

                                      /s/ Cassandra L. Jones
                                      Arthur J. McColgan (Bar No. 6201619)
                                      Cassandra L. Jones (Bar No. 6309352)
                                      WALKER WILCOX MATOUSEK LLP
                                      One North Franklin Street, Suite 3200
                                      Chicago, Illinois 60606
                                      Telephone: (312) 244-6700
                                      Fax: (312) 244-6800
                                      Email: amccolgan@walkerwilcox.com
                                      Email: cjones@walkerwilcox.com

                                      *Attorneys for Defendant,*
                                      *Veratad Technologies LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 26, 2021, the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court by using the Odyssey eFileIL System and served by electronic mail to Plaintiffs' counsel listed below:

> Timothy P. Kingsbury
> Andrew T. Heldut
> Jordan R. Frysinger
> David L. Gerbie
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Fl.
> Chicago, IL 60601
> Tel: (312) 893-7002
> tkingsbury@mcgpc.com
> aheldut@mcgpc.com
> jfrysinger@mcgpc.com
> dgerbie@mcgpc.com

Dated: November 26, 2021.

/s/ Cassandra L. Jones

FILED E-FILED
Friday, 26 November 2021 11:06:25 AM
Clerk, U.S. District Court, ILCD

11/26/2021 11:24 AM
By: AL

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-2291 |
| | ) ) | |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | ) ) | |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant, Veratad Technologies LLC ("Veratad"), by counsel, removes this action from the Circuit Court of Champaign County, Illinois, to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support, Veratad states the following:

### I.    Introduction

1.    Plaintiff Kyle Stalcup ("Plaintiff") initiated this action on October 20, 2021, by filing a purported class action complaint against Veratad in the Circuit Court of Champaign County, Illinois, Sixth Judicial Circuit, entitled *Stalcup v. Veratad Technologies LLC*, No. 2021 L 000163.

2.    In his Complaint, Plaintiff seeks to represent a class of similarly situated individuals for alleged injuries sustained through Veratad's purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

3.     Plaintiff seeks to represent a class of "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period."

4.     The complaint states a single cause of action for violations of BIPA as to Plaintiff, individually, and as to all class members, seeking statutory damages for negligent violations of BIPA, and for willful and/or reckless violations of BIPA.

5.     On October 21, 2021, Plaintiff filed a motion for class certification, or alternatively, for a deferred class certification ruling pending discovery, a copy of which is attached with this notice.

6.     On October 29, 2021, Plaintiff served Veratad with a summons and copies of the original complaint. Copies of those documents, which constitute all process, pleadings, and orders served upon Veratad in this action, are included in the appendix to this notice.

7.     Veratad now removes this action from the Circuit Court of Champaign County, Illinois, to this Court, based on diversity of citizenship, 28 U.S.C. § 1332. Specifically, as stated in further detail below, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## II.     Amount in Controversy

8.     Plaintiff alleges that Veratad violated BIPA as to a class of at least hundreds of members, with relief ranging from $1000 to $5000 per alleged violation. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     Diversity of Citizenship

9.     Plaintiff is a resident and citizen of Illinois.

10.     Defendant Veratad is a New Jersey limited liability company. No member of Veratad

is a resident or citizen of Illinois

11.     Therefore, Plaintiff is a citizen of a different state than Defendant, this Court has

jurisdiction of this action pursuant to the provisions of 28 U.S.C. §1332 and this action may be

removed to this Court pursuant to the provisions of 28 U.S.C. §1441 and 28 U.S.C. §1446.

WHEREFORE, Veratad respectfully removes this case from the Circuit Court of Champaign

County, Illinois, to the United States District Court for the Central District of Illinois, based on

diversity jurisdiction.

Dated: November 26, 2021                    Respectfully submitted,

/s/ Cassandra L. Jones
Arthur J. McColgan (Bar No. 6201619)
Cassandra L. Jones (Bar No. 6309352)
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Fax: (312) 244-6800
Email: amccolgan@walkerwilcox.com
Email: cjones@walkerwilcox.com

*Attorneys for Defendant,*
*Veratad Technologies LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 26, 2021, the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court for the United States District Court, Central District of Illinois, Urbana Division, by e-filing via the CM/ECF filing system and served by electronic mail to the Plaintiff's counsel listed below:

Timothy P. Kingsbury
Andrew T. Heldut
Jordan R. Frysinger
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com


Dated: November 26, 2021.

/s/ Cassandra L. Jones

4

# EXHIBIT 1-E

E-FILED

Judgment in a Civil Case (02/11)

Monday, 10 January, 2022  04:25:38 PM

Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

**FILED**<sub>31</sub>

SIXTH JUDICIAL CIRCUIT

Kyle Stalcup

Plaintiff,

vs.

Veratad Technologies LLC

Defendant.

)
)
)
)
)
)
)
)
)

JAN 12 2022

21-L-163 *Susan W. McGrath*

Case Number: 21-2291    CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT.**   This action came before the Court for a trial by jury.   The issues
have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT.**   This action came before the Court, and a decision has
been rendered.

**IT IS ORDERED AND ADJUDGED** that the above captioned case is remanded back to the
Circuit Court of Champaign County, Illinois.

**Dated: 1/10/2022**

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court

A TRUE COPY
ATTEST
SHIG YASUNAGA, CLERK OF COURT
BY: T. CROAK
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 1-10-22

2.22-cv-02108-CSB-EIL   # 1-2   Filed: 05/21/22   Page 45 of 101

21,25,CLOSED,REFER,REMOVAL

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Urbana)
## CIVIL DOCKET FOR CASE #: 2:21-cv-02291-CSB-EIL
### Internal Use Only

Stalcup v. Veratad Technologies LLC
Assigned to: Judge Colin Stirling Bruce
Referred to: Magistrate Judge Eric I. Long
Demand: $75,000
Cause: 28:1441 Notice of Removal

Date Filed: 11/26/2021
Date Terminated: 01/10/2022
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

### Plaintiff

**Kyle Stalcup**
*individually and on behalf of similarly*
*situated individuals*

represented by **Andrew T Heldut**
MCGUIRE LAW PC
9th Floor
55 West Wacker Drive
Chicago, IL 60601
312-893-7002
Fax: 312-275-7895
Email: aheldut@mcgpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy P Kingsbury**
MCGUIRE LAW PC
9th Floor
55 West Wacker Drive
Chicago, IL 60601
312-893-7002
Fax: 312-275-7895
Email: tkingsbury@mcgpc.com
*ATTORNEY TO BE NOTICED*

A TRUE COPY
ATTEST
SHIG YASUNAGA, CLERK OF COURT
BY: _____
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 1-10-22

V.

### Defendant

**Veratad Technologies LLC**
*a New Jersey limited liability company*

represented by **Cassandra Lynne Jones**
WALKER WILCOX MATOUSEK LLP
Suite 3200
1 North Franklin Street
Chicago, IL 60606
312-244-6700
Fax: 312-244-6800
Email: cjones@wwmlawyers.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2021 | 1 | NOTICE OF REMOVAL from Circuit Court of Champaign County, Illinois, case number 2021-L-000163 (Filing fee $ 402 receipt number AILCDC-3812515), filed by Veratad Technologies LLC. (Attachments: # 1 Exhibit A - Underlying Complaint, # 2 Exhibit B - Motion to Certify Class, # 3 Civil Cover Sheet Civil Cover Sheet)(Jones, Cassandra) (Entered: 11/26/2021) |
| 11/26/2021 | 2 | NOTICE of Appearance of Attorney by Cassandra Lynne Jones on behalf of Veratad Technologies LLC (Jones, Cassandra) (Entered: 11/26/2021) |
| 12/03/2021 | 3 | ANSWER to Complaint AND AFFIRMATIVE DEFENSES by Veratad Technologies LLC.(Jones, Cassandra) (Entered: 12/03/2021) |
| 12/06/2021 | 4 | ORDER entered by Magistrate Judge Eric I. Long on 12/6/21 setting Rule 16 Scheduling Conference for 1/12/22 at 9:45 AM in Courtroom B in Urbana before Magistrate Judge Eric I. Long. See written Order and attachments. (TC) (Entered: 12/06/2021) |
| 01/07/2022 | 5 | STIPULATION *to Remand Action to the Circuit Court of Champaign County, Illinois* by Kyle Stalcup.. (Kingsbury, Timothy) (Entered: 01/07/2022) |
| 01/10/2022 | | TEXT ORDER Entered by Judge Colin Stirling Bruce on 1/10/22. The court has reviewed the parties Stipulation to Remand 5 . By agreement of the parties, this case is remanded to the Circuit Court of Champaign County, Illinois. This matter is terminated, with each party to bear their own fees and costs.(SKR) Modified on 1/10/2022 to indicate text only order. (SKR). (Entered: 01/10/2022) |
| 01/10/2022 | 6 | JUDGMENT entered (SKR) (Entered: 01/10/2022) |

# EXHIBIT 1-F

FILED
SIXTH JUDICIAL CIRCUIT

2/3/2022 4:17 PM
By: AM

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 2021 L 000163 |
| v. | ) ) ) | |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | ) ) ) | |
| *Defendant*. | ) ) | |

**PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE**
**TO FILE AN AMENDED COMPLAINT**

Plaintiff Kyle Stalcup ("Plaintiff"), by and through his undersigned counsel, hereby moves, pursuant to 735 ILCS 5/2-616, for entry of an Order granting his leave to file his amended complaint. In support of his Motion, Plaintiff states as follows:

1. Plaintiff filed his initial Class Action Complaint on October 20, 2021.

2. On November 26, 2021, Defendant Veratad Technologies LLC ("Defendant") removed the action to the U.S. District Court for the Central District of Illinois. On January 10, 2022, the action was remanded to this Court.

3. Since the filing of his initial complaint, Plaintiff has gained a more complete factual understanding of the biometrically-facilitated transaction at issue, as well as the parties involved. Plaintiff's amended complaint will substitute defendant Veratad Technologies LLC, the defendant named in Plaintiff's initial complaint, with a different defendant.

4. Thus, the amendment will further the ends of justice by focusing the litigation on those responsible for the alleged unlawful conduct at issue.

5. Section 5/2-616 of the Illinois Code of Civil Procedure states in relevant part that:

1

(a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought . . . .

\*     \*     \*

(c) A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just.

735 ILCS 5/2-616(a), (c).

6.    Courts have held that Section 5/2-616 should be liberally construed, so as to permit the resolution of cases on the merits, with any doubts resolved in favor of allowing amendments. *See, e.g., Selcke v. Bove*, 258 Ill. App. 3d 932, 937 (1st Dist. 1994).

7.    Further, courts should freely exercise their power to allow amendments so that a party may fully present its cause of action. *Trident Indus. Prods. Corp. v. Am. Nat'l Bank & Trust Co., N.A.*, 149 Ill. App. 3d 857, 866 (1st Dist. 1985).

8.    Among the factors to be considered in determining whether to permit an amendment to the pleadings are the timeliness of the proposed amendment and whether there were previous opportunities to amend the pleadings; whether the other party would be prejudiced or surprised by the proposed amendment; and whether the amendment would cure a defect in the pleadings. *Lee v. Chicago Transit Auth.*, 152 Ill. 2d 432, 467–68, 605 N.E.2d 493, 508 (1992); *see also Loyola Academy v. S & S Roof Maintenance* (1992), 146 Ill.2d 263, 273, 166 Ill. Dec. 882, 586 N.E.2d 1211 (citing *Kupianen v. Graham* (1982), 107 Ill.App.3d 373, 377, 63 Ill. Dec. 125, 437 N.E.2d 774).

2

9.      All of the relevant factors for amendment are satisfied in this case. Allowing Plaintiff to file his first amended complaint will not cause undue delay, as this case is still very early procedurally, and no amendment, discovery, or trial deadlines have been set. Parties have not yet exchanged discovery in this case, and no documents or other information have been produced in this case.

10.     Because Plaintiff seeks leave to amend before any responsive pleadings have been filed, permitting Plaintiff to amend will avoid unnecessary pleading or motion practice.

11.     Further, Plaintiff is not seeking amendment after the close of discovery or on the eve of trial, and this is Plaintiff's first-time seeking leave to amend in this litigation.

12.     Plaintiff brings this Motion in good faith and not for purposes of delay.

13.     Prior to filing this Motion, counsel for Plaintiff conferred with counsel for Defendant, who indicated that Defendant does not oppose the relief sought herein.

14.     For all the reasons set forth above, leave to amend should be granted, because permitting Plaintiff to file his amendment will further the ends of justice and will not cause any undue delay or any unfair prejudice.

WHEREFORE, Plaintiff Kyle Stalcup, respectfully requests that this Court enter an Order (i) granting Plaintiff leave to file his First Amended Class Action Complaint within (7) days of entry of such Order; and (ii) granting such other or further relief as the Court deems just and reasonable.

Dated: February 3, 2022                    Respectfully Submitted,

                                           KYLE STALCUP, individually and on behalf of a
                                           class of similarly situated individuals

                                   By:     /s/ Andrew T. Heldut
                                           *One of Plaintiff's Attorneys*

3

David L. Gerbie (ARDC#6323942)
Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com


*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 3, 2022, a copy of the foregoing *Plaintiff's Unopposed Motion for Leave to File an Amended Complaint* was filed electronically and served on the following counsel of record by electronic mail:

Cassandra L. Jones
Walker Wilcox Matousek LLP
One North Franklin, Suite 3200
Chicago, IL 60606
cjones@walkerwilcox.com

/s/ Andrew T. Heldut

5

# EXHIBIT 1-G

FILED
SIXTH JUDICIAL CIRCUIT

02/09/2022  4:30 PM
By: RB

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2021 L 000163 |
| v. | ) ) ) | |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | ) ) ) | |
| *Defendant.* | ) ) ) | |

## ORDER

On the Court's own motion,

IT IS HEREBY ORDERED:

1.  Plaintiff's *Unopposed Motion for Leave to File an Amended Complaint* is <u>granted</u>;

2.  Plaintiff shall file his First Amended Complaint on or before February 15, 2022, and summons to issue;

3.  Upon the filing of Plaintiff's First Amended Complaint, Defendant Veratad Technologies LLC shall be dismissed from this matter with prejudice;

ENTERED:

Dated: 9 Feb. 2022

Hon. Benjamin W. Dyer

Prepared by:
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
aheldut@mcgpc.com
*One of Plaintiff's Attorneys*

1

# EXHIBIT 1-H

FILED
SIXTH JUDICIAL CIRCUIT

2/15/2022 7:40 PM
By: AL

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) | |
| | ) | No. 2021 L 000163 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Hon. Benjamin W. Dyer |
| | ) | |
| PROCTORU, INC., a Delaware corporation, | ) ) | **Jury Trial Demanded** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Kyle Stalcup ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant ProctorU, Inc. ("Defendant" or "ProctorU"), for its violations of Sections 15(a) and 15(c) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(a), (c), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.     This case is about an internet-based identity verification technology company, which also specializes in online-proctoring of remote test takers, capturing, collecting, storing, using, and therefore possessing Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA.

3.     In an effort to confirm test-takers' identities, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their identities.

4.     Specifically, ProctorU incorporates its identity verification service into the online-proctoring software it provides to educational institutions throughout Illinois, whereby Defendant's verification software extracts students' biometrics in order to verify their identities and track them during remote exams.

5.     Before taking an exam through Defendant's platform, students are required to take a photograph of their face (i.e. "selfie") using their computer's webcam. Defendant then requires students to also upload their driver's license, passport, or other photo ID.

6.     Once the information is uploaded, Defendant then uses facial recognition technology to compare and match the student's face in the selfie photograph to the face appearing on the student's photo ID. This process enables Defendant to conduct identity verification on behalf of its clients.

7.     BIPA requires a private entity in possession of biometric identifiers or biometric information  to make publicly available a written policy outlining its storage and destruction policies for such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

8.     Additionally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information. 740 ILCS 14/15(c).

2

9.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his state biometric privacy rights under BIPA.

10.     Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosure under Section 15(a) may be accomplished through a single sheet of paper or the electronic equivalent.

11.     Notwithstanding the clear and unequivocal requirements of the law, Defendant stores and possesses individuals' biometric data but has failed to make publicly available a written policy specifying how long it retains such data and when it will destroy it, as required by BIPA.

12.     Additionally, by charging for use of its online verification technology on a per-test-taker and per-biometric-verification basis, Defendant has profited directly from Plaintiff's and the other Class members' facial biometric identifiers.

13.     Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in possessing and profiting from his biometrics, and those of hundreds of other consumers throughout the state of Illinois in direct violation of BIPA.

14.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

15.     Defendant ProctorU Inc. is a Delaware corporation that conducts and transacts business throughout the state of Illinois and knowingly transacts with Illinois residents. Defendant handles Illinois citizens' biometric data derived from their Illinois identification documents.

16.    At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and had his biometrics handled by Defendant in Champaign County, Illinois.

## JURISDICTION AND VENUE

17.    This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State, knowingly contracted with Illinois-based entities to process biometric data of Illinois residents, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used, and therefore came into possession of Plaintiff's biometric identifiers and/or biometric information in this State.

18.    Venue is proper in Champaign County, Illinois, pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Champaign County, Illinois, and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Champaign County.

## FACTUAL BACKGROUND

19.    Defendant provides online-testing proctoring services, which include a biometric identity-verification component, to various clients who are educational institutions. For example, educational institutions use Defendant's platform for remote exam proctoring purposes. In turn, Defendant implemented biometric facial-scanning technology into its platform to verify exam takers' identities. Through its online exam-proctoring platform and identify-verification technology, Defendant collects information (including biometric data) directly from its clients' students and therefore possesses such information.

20.    In or around fall of 2019, Plaintiff was subjected to Defendant's identity verification technology in Champaign, Illinois while he was a student. Before being allowed to

4

enter an online exam, Plaintiff was instructed by Defendant to complete a series of steps to verify his identity.

21.     In order to enter his exam, Plaintiff was forced to take a "selfie" photograph of his face and also upload his Illinois Driver's License.

22.     Using its proprietary facial recognition and matching technology, Defendant then collected, stored, and analyzed Plaintiff's facial geometry in order to compare the face in his "selfie" photograph with the face in the photograph appearing on his Illinois Driver's License, and thus verify his identity.

23.     At the time Defendant collected and came into possession of Plaintiff's biometrics, Defendant failed to make publicly available any biometric retention and destruction policy, as required by 740 ILCS 14/15(a).

24.     Defendant also profited from Plaintiff's and the other Class members' facial biometric identifiers by charging for the use of its online biometric-verification technology on per-verification basis in violation of 740 ILCS 14/15(c).

25.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

26.      Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics came into Defendant's possession via its ProctorU technology in Illinois any time within the applicable limitations period.

27.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

28.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

29.     Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

30.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a.  Whether Defendant possessed the biometrics of the members of the Class;

    b.  Whether Defendant made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics;

    c.  Whether Defendant profited from the Class members' biometrics;

    d.  Whether Defendant's conduct violates BIPA;

    e.  Whether Defendant's violations of BIPA are willful or reckless; and

    f.  Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

31.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

32.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

33.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**(On behalf of Plaintiff and the Class)**

34.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.     Defendant is a private entity under BIPA.

36.     Section 15(a) of BIPA provides that private entities in possession of biometric information must develop a publicly available biometric data retention and destruction policy.

37.     As discussed herein, Defendant obtains and stores biometric identifiers and/or information via its online-proctoring and biometric identity-verification technology, such that Defendant obtained and stored Plaintiff's facial geometry biometric identifiers and/or biometric information. Defendant necessarily possessed Plaintiff's biometric identifiers and/or biometric information in order to store the same.

7

38.     On information and belief, Defendant maintains custody and control of the biometrics stored on its servers.

39.     Despite obtaining and possessing Plaintiff's and other Class members' biometrics, and in violation of Section 15(a) of BIPA, Defendant failed to make publicly available a biometric data retention and destruction policy.

40.     Thus, Defendant violated Section 15(a) of BIPA and, in doing so, has violated Plaintiff's substantive state rights to biometric privacy

41.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

42.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply with BIPA's retention policy publication requirement.

43.     Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below:

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.      Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.      Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.   Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with Section 15(a) of BIPA;

d.   Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.   Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.   Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.   Awarding pre- and post-judgment interest, as allowable by law; and

h.   Awarding such further and other relief as the Court deems just and equitable.

## COUNT II
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)**
**(On behalf of Plaintiff and the Class)**

44.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.   Defendant is a private entity under BIPA.

46.   Section 15(c) of BIPA provides that private entities in possession of a biometric identifier or biometric information may not sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information. 740 ILCS 14/15(c).

47.   As discussed herein, Defendant obtains and stores biometric identifiers and/or biometric information via its online-proctoring and biometric identity-verification technology, and Defendant obtained and stored Plaintiff's biometric identifiers and/or biometric information. Thus, Defendant necessarily possessed Plaintiff's biometrics in order to store the same.

48.     Defendant profited off of Plaintiffs' biometrics by charging for the use of its online-proctoring service, which incorporates biometric-verification as a necessary element of that service, on a per-student basis, such that Defendant obtained profits directly from Plaintiff's and other Class members' biometrics.

49.     Thus, Defendant violated Section 15(c) of BIPA.

50.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

51.     Defendant's violations of Section 15(c) of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008. Alternatively, Defendant negligently failed to comply with BIPA's prohibition against profiting from biometrics.

52.     Accordingly, with respect to Count II, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.     Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.     Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with Section 15(c) of BIPA;

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.    Awarding pre- and post-judgment interest, as allowable by law; and

h.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 15, 2022                Respectfully Submitted,

KYLE STALCUP, individually and on behalf of a class of similarly situated individuals

By:    /s/ Andrew T. Heldut
       *One of Plaintiff's Attorneys*

David L. Gerbie (ARDC#6323942)
Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

# EXHIBIT 1-I

FILED
SIXTH JUDICIAL CIRCUIT

2/15/2022 8:19 PM
By: AL

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2021 L 000163 |
| v. | ) ) | Hon. Benjamin W. Dyer |
| PROCTORU, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) ) | |

**PLAINTIFF'S *AMENDED* MOTION FOR CLASS**
**CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED**
**CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Kyle Stalcup, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: February 15, 2022            Respectfully Submitted,

KYLE STALCUP, individually and on behalf of a
class of similarly situated individuals

By:     /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

1

David L. Gerbie (ARDC#6323942)
Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED
### MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
### A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a class of individuals whose biometric identifiers and biometric information were captured, collected, stored, used, and therefore possessed by ProctorU, Inc. ("Defendant") in Illinois. Defendant, who provides online-testing proctoring services, by relying on new technologies, including a biometric identity-verification component, has violated Illinois law by possessing individuals' biometrics and failing to provide such individuals with a publicly-available retention schedule explaining how long such biometric information and biometric identifiers will be retained for and destroyed, and by also profiting off of said biometric information. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's violations of Sections 15(a) and 15(c) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(a), (c), and to obtain redress for all persons injured by its conduct.

## I.    INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include face scans, voice prints, handprints, fingerprints and palm scans; "biometric information" can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect, store, and possess Illinois citizens' biometrics. BIPA requires a private entity in possession of biometric identifiers or biometric information to make publicly available a written policy outlining its storage and destruction policies for such biometric identifiers, and/or any biometric information derived from

such identifiers, and private entities are prohibited from profiting from an individual's biometric identifiers or biometric information. 740 ILCS 14/15 (a), (c), and (Compl. ¶¶ 7, 8.)

## I.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of people within the state of Illinois. (Compl., ¶¶ 13, 28.) During the relevant period, Defendant implemented an invasive biometric facial-scanning program for identification purposes. (Compl. ¶ 19.) Defendant required Plaintiff to use its system to capture his biometrics to verify his identity. (Compl. ¶¶ 20-22.) Defendant uses identity verification technology to come into possession of Plaintiff's and other Class member's biometrics. (Compl. ¶¶ 2, 3, 11, 19.)

However, Defendant did not have a publicly available policy of informing individuals what happens to their biometric information after it is collected and obtained and therefore possessed, including whether it still retains their biometrics, and if it does, for how long it intends to retain such information. (Compl. ¶¶ 11, 23.) Defendant also profited off of Plaintiff's biometrics that it came into possession of. (Compl. ¶¶ 12, 24.) Despite its practice of taking the biometric information of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding possession of biometric identifiers and biometric information.

### B.    The Proposed Class

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometrics came into Defendant's possession via its ProctorU technology in Illinois any time within the applicable limitations period.

(Compl. ¶ 26.) As explained below, the proposed Class satisfies each of the four requirements for

certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

II.     **ARGUMENT**

    A.    **Standards for Class Certification**

    To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

    To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)    The representative parties will fairly and adequately protect the interest of the class.
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.     The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon*

*v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least hundreds of members of the Class. (Compl. ¶ 13, 28.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.     Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc.*

*v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant possessed the biometrics of the members of the Class; whether Defendant made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics; whether Defendant profited from the Class members' biometrics; whether Defendant's conduct violates BIPA; whether Defendant's violations of BIPA are willful or reckless; and whether Plaintiff and other Class members are entitled to damages and injunctive relief. (Compl. ¶ 30.) As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or using and therefore possessing the biometrics of Class members without providing a retention schedule to them or to the public, and profiting off of their biometrics. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.     Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the

presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, he was subjected to Defendant's invasive biometric facial-scanning technology and that Defendant came into possession of his biometrics. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant

case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## III.    CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding

such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling

on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: February 15, 2022                          Respectfully Submitted,

                                                  KYLE STALCUP, individually and on behalf of a
                                                  class of similarly situated individuals

                                                  By:    /s/ Andrew T. Heldut
                                                         *One of Plaintiff's Attorneys*

David L. Gerbie (ARDC#6323942)
Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF FILING

The undersigned, an attorney, hereby certifies that on February 15, 2022, a copy of *Plaintiff's*

*Amended Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling*

*Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.


/s/ Andrew T. Heldut

# EXHIBIT 1-J

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT <br> Champaign COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| **Instructions** ▾ | KYLE STALCUP, on behalf of a class | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | PROCTORU, INC. <br> **Defendant / Respondent** *(First, middle, last name)* | 2021L000163 <br> **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. <br><br> E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. <br><br> Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. <br><br> If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.**  **Defendant/Respondent's address and service information:** <br>  a.  Defendant/Respondent's primary address/information for service: <br>   Name *(First, Middle, Last):*  PROCTORU, INC. <br>   Registered Agent's name, if any:  CORPORATION SERVICE COMPANY <br>   Street Address, Unit #:  251 LITTLE FALLS DRIVE <br>   City, State, ZIP:  WILMINGTON, DELAWARE 19808 <br>   Telephone: _____  Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b.  If you have more than one address where Defendant/Respondent might be found, list that here: <br>   Name *(First, Middle, Last):* _____ <br>   Street Address, Unit #: _____ <br>   City, State, ZIP: _____ <br>   Telephone: _____  Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c.  Method of service on Defendant/Respondent: <br>   ☐ Sheriff   ☐ Sheriff outside Illinois: _____ <br>                                *County & State* <br>   ☐ Special process server   ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: 2021L000163

| In 2, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
|---|---|---|

**2.** **Information about the lawsuit:**
Amount claimed: $ 50,000.00 + (to be determined)

| In 3, enter your complete address, telephone number, and email address, if you have one. |
|---|

**3.** **Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last)*: MCGUIRE LAW, P.C.
Street Address, Unit #: 55 WEST WACKER DRIVE, 9TH FLOOR
City, State, ZIP: CHICAGO, ILLINOIS 60601
Telephone: (312) 893-7002 Email: DGERBIE@MCGPC.COM

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** **Instructions for person receiving this *Summons* (Defendant):** |
|---|---|

**4.** **Instructions for person receiving this *Summons* (Defendant):**
☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:
Address: Champaign County Circuit Court, 101 East Main Street
City, State, ZIP: Urbana, Illinois 61801

| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. |
|---|

☐ b. Attend court:
On: _____ at _____ ☐ a.m. ☐ p.m. in _____
    *Date*      *Time*      *Courtroom*
In-person at:

_____
*Courthouse Address*    *City*    *State*    *ZIP*
OR

| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. |
|---|

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):
By telephone: _____
    *Call-in number for telephone remote appearance*
By video conference: _____
    *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
    *Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
    *Website*

| **STOP!** The Circuit Clerk will fill in this section. |
|---|

2/18/2022

Witness this Date: _____ AL

Clerk of the Court: *Susan W. McGrath*

| **STOP!** The officer or process server will fill in the Date of Service. |
|---|

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
    *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

*(Seal: CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT • CHAMPAIGN COUNTY ILLINOIS)*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Champaign _____ COUNTY

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | KYLE STALCUP, on behalf of a class | |
| | **Plaintiff / Petitioner** (First, middle, last name) | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. <br> PROCTORU, INC. | |
| | **Defendant / Respondent** (First, middle, last name) | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) | 2021L000163 <br> **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
_____First, Middle, Last_____

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
_First, Middle, Last_

☐ Personally on the Defendant/Respondent:
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____
   And left it with: _____
   _____First, Middle, Last_____
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____

☐ On the Corporation's agent, _____
   _____First, Middle, Last_____
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: <u>2021L000163</u>

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| DO NOT complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:**

Signature by: _____

☐ Sheriff
☐ Sheriff outside Illinois:

*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return:  $ _____
Miles _____      $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT 1-K

**FILED**

SIXTH JUDICIAL CIRCUIT

3/29/2022 11:57 AM
By: JH

*Susan W. McGraw*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

# Affidavit of Process Server

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT CHAMPAIGN COUNTY, ILLINOIS

| KYLE STALCUP | VS | PROCTORU, INC. | 2021 L 000163 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 2/18/2022

**Service:** I served PROCTORU, INC.

NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS & FIRST AMENDED CLASS ACTION COMPLAINT WITH JURY DEMAND

by leaving with LYNANNE GARES (authorized person at agent) _____ At

NAME                                                                                 RELATIONSHIP

☐ Residence _____

ADDRESS                                        CITY / STATE

☒ Business C/O CORPORATION SERVICE CO. 251 LITTLE FALLS DR. WILMINGTON, DE 19808

ADDRESS                                        CITY / STATE

On 2/18/2022 _____ AT 3:30 Pm

DATE                                                        TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____

DATE

from _____

CITY                STATE                ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant    ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist    ☐ Other

**Service Attempts:** Service was attempted on: (1)_____ (2)_____

DATE    TIME            DATE    TIME

(3)_____ (4)_____ (5)_____

DATE    TIME            DATE    TIME            DATE    TIME

AGE 40 Sex F Race W Height 5'5 Weight 180    HAIR BROWN

SIGNATURE OF PROCESS SERVER
KEVIN S. DUNN

SUBSCRIBED AND SWORN in the State of Delaware, New Castle County before me this 18TH day of February, 2022

SIGNATURE OF NOTARY PUBLIC

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
Commission Expires May 1 2022

NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# EXHIBIT 1-L

FILED

SIXTH JUDICIAL CIRCUIT

4/1/2022 1:36 PM
By: AL

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 2021 L 000163 |
| v. | ) ) | Hon. Benjamin W. Dyer |
| PROCTORU, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT CLASS DISCOVERY**

Plaintiff Kyle Stalcup ("Plaintiff"), individually and on behalf of all similarly situated individuals, hereby moves, pursuant to Ill. S. Ct. R. 201 for leave to conduct discovery prior to the Court ruling on his currently pending Motion for Class Certification. In support of this Motion, Plaintiff states as follows:

1. On February 15, 2022, Plaintiff filed his First Amended Class Action Complaint ("Complaint") in this matter, naming Defendant ProctorU, Inc. ("Defendant").

2. On February 15, 2022 Plaintiff also filed his *Amended Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery*.

3. Plaintiff's Complaint seeks statutory damages and injunctive relief on behalf of himself and a proposed Class under the Illinois Biometric Information Protection Act, 740 ILCS 14/15(a), (c), ("BIPA"). Plaintiff alleges that he had his facial biometrics captured, collected, stored, used, and therefore possessed by Defendant after he interacted with Defendant's biometric identity verification service. Plaintiff was required to submit a "selfie" photograph as well as a picture of his ID so that Defendant's identity verification software could biometrically compare

his "selfie" with his ID to confirm a match. Plaintiff alleges Defendant violated BIPA by failing

to make publicly available any biometric retention and destruction policy, as required by 740 ILCS

14/15(a), and profiting from Plaintiff's biometrics in violation of 740 ILCS 14/15(c).

4.     On February 18, 2022 Plaintiff duly served copies of the Summons in a Civil Action

and the First Amended Class Action Complaint on Defendant via its registered agent, Corporation

Service Company (*see* Proof of Service, attached hereto as Exhibit A).

5.     Pursuant to Ill. Sup. Ct. R. 181, the deadline for Defendant to serve a pleading in

response to the Complaint was March 18, 2022, thirty days after Defendant was served.

6.     Defendant has yet to file an appearance, answer, or otherwise respond to Plaintiff's

Complaint.

7.     Ill. Sup. Ct. R. 201(d) allows a party to seek leave to issue discovery prior to the

time a Defendant has appeared . . . for good cause shown. Ill. S. Ct. R. 201(d).

8.     Courts consider several factors in determining if good cause exists, "including . . .

whether the discovery sought will substantially contribute to moving the case forward, and . . . the

scope of the information sought." *Barrette Outdoor Living, Inc. v. Does,* 2016 WL 1588672 at *2

(N.D. Ohio Apr. 20, 2016).

9.     Courts have allowed early discovery upon showing that the discovery sought will

contribute to moving the case forward. *See, e.g., Quincy Bioscience, LLC v. Quality OTC,* 2018

U.S. Dist. Lexis 183788 (W.D. Wis. Oct. 26, 2018) (allowing expedited discovery "because the

targeted defendants have defaulted, discovery from third parties may be the only means to obtain

evidence in support of Quincy's imminent motion for a default judgment and claim for damages.");

*Noco Company, Inc. v. Zhejiang Quingyou Electronic Commerce Co., Ltd.,* 2021 WL 4714657

(N.D. Ohio June 21, 2021) (Plaintiff has established good cause as Defendants, *by failing to*

*appear*, have effectively prevented Plaintiff from conducting a Rule 26(f) conference and initiating discovery, and therefore, has no option for obtaining damages information, and permitting early discovery would move the case forward.)

10.     To proceed with a class action, and therefore class certification, the movant must satisfy the "prerequisites for maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure. Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery. V. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 125 (Ill. 2005).

11.     While a court may rule on class certification without requiring further discovery, courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir. 2011)).

12.     Thus, in the interests of establishing a more fully developed record before ruling on Plaintiff's pending Motion for Class Certification, the Court should allow Plaintiff to conduct discovery to obtain necessary information to satisfy his Rule 23 prerequisites.

13.     Here, the putative Class consists of (while reserving the right to amend the Class definition upon completion of discovery):

> All individuals whose biometrics came into Defendant's possession via its ProctorU technology in Illinois any time within the applicable limitations period.

(Amended Complaint, ¶ 26).

3

14.     Before the Court can enter a judgment certifying Plaintiff's Class, it must first find that the four prerequisites of Rule 23 have been met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the other class members; and (4) the class representatives are able to protect the interest of the class fairly and adequately. Fed. R. Civ. P. 23(a).

15.     While in this case, elements (2) through (4) can largely be met based on Plaintiff's uncontested allegations, at minimum factual evidence on the numerosity element is needed, as it directly impacts both class certification and the corresponding measure of damages. Defendant, and its customers' records pertaining to other individuals subjected to its biometric identity verification practices are needed for notice and administrative feasibility purposes. Once that information is obtained, Plaintiff expects to be able to demonstrate to the Court that the Class is so numerous that joinder of all members is impracticable, and that a judgment in favor of the Class is otherwise administratively feasible.

16.     Plaintiff expects, on information and belief, that the Class will consist of *at least* hundreds of individuals. However, because Defendant has refused to appear, answer, or respond to his Complaint or otherwise participate in the litigation, Plaintiff has been prevented from conducting discovery. Thus, a ruling on class certification is not yet ripe. Defendant's business records pertaining to other individuals subjected to its biometric identity verification practices are needed for notice and administrative feasibility purposes. As records presumably kept in the normal course of business, Defendant, or Defendant's clients, are in possession of such information. Once that information is obtained, Plaintiff expects to amend his motion for class certification. In addition, because the Court must evaluate the measure of statutory damages

available under BIPA, 740 ILCS 14/20, it is appropriate for the Court to permit discovery and ultimately conduct a hearing as necessary to conduct an accounting prior to entering judgment. *See* Fed. R. Civ. P. 55(b)(2); *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) ("[T]he well-pleaded allegations of the complaint relating to liability are taken as true, and only those relating to the amount of damages suffered must be proved.") (internal citations and quotations omitted).

17. Therefore, considering Plaintiff's need to conduct discovery to in order to satisfy his Rule 23 prerequisites to certify the Class, and the impending need for discovery to substantially move the case forward, Plaintiff has demonstrated good cause, and, thus, his Motion for Leave to Conduct Class Certification Discovery should be granted.

WHEREFORE, Plaintiff Kyle Stalcup respectfully requests that the Court:

a) Grant Plaintiff 90 days to conduct class certification and damages-related discovery; and

b) For such other and further relief the Court deems reasonable and just.

Dated: April 1, 2022

Respectfully submitted,

KYLE STALCUP, individually and on behalf of all similarly situated individuals

By:    /s/ Andrew T. Heldut
       *One of Plaintiff's Attorneys*

David L. Gerbie
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on April 1, 2022, a copy of the

foregoing *Plaintiff's Motion for Leave to Conduct Class Certification Discovery* was filed

electronically and served upon the registered agent for Defendant ProctorU, Inc.:

CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19801

/s/ Andrew T. Heldut

# EXHIBIT 1-M

FILED
SIXTH JUDICIAL CIRCUIT

5/9/2022 4:08 PM
By: JH

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

# IN THE CIRCUIT COURT
# OF THE SIXTH JUDICIAL CIRCUIT
# CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, ) ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2021 L 000163 |
| v. ) | |
| ) | Hon. Benjamin W. Dyer |
| PROCTORU, INC., ) | |
| ) | |
| Defendant. | |

## ENTRY OF APPEARANCE BY ATTORNEY

PLEASE TAKE NOTICE that the undersigned, of the law firm of Maynard, Cooper & Gale, P.C., hereby enters her appearance as counsel of record for Defendant ProctorU, Inc. in the above-captioned action. Defendant ProctorU, Inc. intends to defend against the claims and by filing this Entry of Appearance it preserves and does not waive any and all defenses available to it, including those set forth in Sections 2-104, 2-301, 2-613, 2-615, 2-616, or 2-619 of the Illinois Code of Civil Procedure.  Furthermore, Defendant ProctorU, Inc. explicitly reserves the right to seek dismissal or transfer of this action based on improper venue or the existence of a more convenient forum. Nothing herein should be construed as a waiver of such right.

Dated: May 9, 2022                     Respectfully submitted,

By: /s/ Caroline E. Henry (ARDC # 6320775)

Caroline E. Henry

MAYNARD, COOPER & GALE, P.C.
The Fred F. French Building, Suite 2000
551 Fifth Avenue
New York, NY 10176
Tel: 646.609.9281
chenry@maynardcooper.com
Attorney for Defendant ProctorU, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this Entry of Appearance by Attorney was served on May 9, 2022 through eFileIL on:

> David L. Gerbie (ARDC #6323942)
> Timothy P. Kingsbury (ARDC #6329936)
> Andrew T. Heldut (ARDC #6331542)
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Fl.
> Chicago, IL 60601
> Tel: (312) 893-7002
> dgerbie@mcgpc.com
> tkingsbury@mcgpc.com
> aheldut@mcgpc.com
> *Attorneys for Plaintiff*

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____/s/ Caroline E. Henry_____

# EXHIBIT 1-N



FILED

SIXTH JUDICIAL CIRCUIT

05/09/2022  4:30 PM
By: RB

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**CHAMPAIGN COUNTY, ILLINOIS**

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | No. 2021 L 000163 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. Benjamin W. Dyer |
| PROCTORU, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) ) | |

**X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶ [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER**

This matter having come before the Court on Plaintiff's Motion for Leave to Conduct Class

Discovery, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.     Plaintiff's *Motion for Leave to Conduct Class Discovery* is <u>granted</u>;

2.     Plaintiff shall issue discovery requests on or before **May 13, 2022**, and serve on Defendant;

3.     This matter is set for further status on **July 8, 2022 at 11:00 am** via Zoom (Meeting ID: 589 707 1641; Passcode: Pa$$code1) at which time Plaintiff shall report on the status of service of class discovery.

ENTERED:

Dated: _5/9/2022_____

_____
Hon. Benjamin W. Dyer

Prepared by:
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
aheldut@mcgpc.com
*One of Plaintiff's Attorneys*

1

# EXHIBIT 1-O

Case: 2021L 000163         STALCUP KYLE vs VERATAD TECHNOLOGIES L           DATE: 2022-05-19
Type: Statutory action state/poli Judge: DYER BENJAMIN W      Jury Trial: J      TIME: 17.41.36
From: 00/00/0000 To: 99/99/9999 All Case Entries      First Date First View
Filed: 10/20/2021 Status: Closed on 3/03/2022
                CASE PARTICIPANTS NAMES                      ATTORNEYS
                -----------------------                      ---------
Pla      STALCUP KYLE                                T. HELDUT ANDREW
Def      VERATAD TECHNOLOGIES LLC
Def      PROCTORU, INC.

DATE
----------
10/20/2021 Plaintiff's Class Action Complaint with Jury Demand
           Plaintiff STALCUP KYLE Defendant VERATAD TECHNOLOGIES LLC
10/20/2021 Other Document Jury Demand Filed by Plaintiff STALCUP KYLE
10/20/2021 Jury of 12 requested Fee $212.50 Filed by Plaintiff STALCUP KYLE
10/20/2021 Statutory action state/political subdivision over $50,000 Fee $306.00
           Filed by Plaintiff STALCUP KYLE
10/21/2021 Plaintiff's Motion for Class Certification Filed by
           Plaintiff STALCUP KYLE
10/21/2021 Summons Filed by Plaintiff STALCUP KYLE
11/29/2021 Notice of Filing Notice of Removal Filed by
           Defendant VERATAD TECHNOLOGIES LLC
11/29/2021 Notice of Filing Notice of Removal Filed by
           Defendant VERATAD TECHNOLOGIES LLC
11/29/2021 Appearance - Cassandra Jones Filed by
           Defendant VERATAD TECHNOLOGIES LLC
11/29/2021 Appearance Fee $181.00 Filed by Defendant VERATAD TECHNOLOGIES LLC
01/12/2022 Judgment in a Civil Case on file by the United States District Court
02/03/2022 Plaintiff-s Unopposed Motion for Leave to File an Amended Complaint
           Filed by Plaintiff STALCUP KYLE
02/09/2022 Order (for Leave to File An Amended Complaint) entered. See Order.
           Judge:DYER BENJAMIN W Clerk:RBAR M
02/09/2022 Order (on Motion for Leave to file an Amended Complaint)
02/15/2022 Amended Complaint Plaintiff's First Amended Class Action Complaint wit
           Filed by Plaintiff STALCUP KYLE
           h Jury Demand
02/15/2022 Plaintiff's Amended Motion for Class Certification Filed by
           Plaintiff STALCUP KYLE
02/17/2022 Summons Filed by Plaintiff STALCUP KYLE
03/03/2022 Case Dismissed.
03/29/2022 Service return Proof of Service for Defendant ProctorU Filed by
           Plaintiff STALCUP KYLE
03/31/2022 *** CORRECTED DOCKET ENTRY ***
           Docket Entry on 03/03/2022 was done in error. This case is not
           dismissed.
           Judge:DYER BENJAMIN W Clerk:SCLE M
04/01/2022 Plaintiff-s Motion for Leave to Conduct Class Certification Discovery
           Filed by Plaintiff STALCUP KYLE
04/01/2022 Exhibit A - Proof of Service Filed by Plaintiff STALCUP KYLE
04/20/2022 Cause allotted for remote hearing as to Plaintiff's Motion For Lea
           To Conduct Class Certification Discovery.
           Cause allotted for hearing by video conference. May 04,2022 02:30PM
           RmF
           Judge:DYER BENJAMIN W Clerk:RBAR M
05/04/2022 Video Conference.
           Appearance of the Plaintiff by Andrew Heldut, via Zoom. No appearance
           of the Defendant. Cause called for hearing on the Motion for Leave to
           Conduct Class Certification Discovery. Motion granted. Written Order
           to be entered electronically. Cause continued for status as to the
           service of discovery order to July 8, 2022 at 11:00 a.m. Plaintiff to
           send notice.
           Cause allotted for hearing by video conference. Jul 08,2022 11:00AM

Case: 2021L 000163      STALCUP KYLE vs VERATAD TECHNOLOGIES L        DATE: 2022-05-19
Type: Statutory action state/poli Judge: DYER BENJAMIN W      Jury Trial: J    TIME: 17.41.36
From: 00/00/0000 To: 99/99/9999 All Case Entries      First Date First View
Filed: 10/20/2021 Status: Closed on 3/03/2022

DATE
----------
             RmF
             Judge:DYER BENJAMIN W Rep:ELECTRONIC RECORDING Clerk:LERD M
05/04/2022 Notice of Hearing Filed by Plaintiff STALCUP KYLE
05/06/2022 BOND for STALCUP KYLE v VERATAD TECHNOLOGIES LLC Bail $17.25
             Bond $17.25
05/09/2022 Copies & Certified Copies Fee $17.25 Bond applied to costs.
             Defendant PROCTORU, INC.
05/09/2022 Appearance No Fee Entry of Appearance Filed by
             Defendant PROCTORU, INC.
05/09/2022 Order (on Plaintiff's Motion For Leave To Conduct Class Discovery)
             Filed by Plaintiff STALCUP KYLE
05/16/2022 BOND for STALCUP KYLE v VERATAD TECHNOLOGIES LLC Bail $11.00
             Bond $11.00
05/17/2022 Copies & Certified Copies Fee $11.00 Bond applied to costs.
             Plaintiff STALCUP KYLE