IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| *Plaintiff*, | ) No. 2:22-cv-02108<br>) |
| v. | ) Hon. Colin Stirling Bruce<br>) |
| PROCTORU, INC., a Delaware corporation, | ) Magistrate Eric I. Long<br>)<br>) |
| *Defendant.* | ) |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Kyle Stalcup ("Plaintiff"), individually and on behalf of all similarly situated individuals, pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding this case to the Circuit Court of Champaign County, Illinois.

**I.    INTRODUCTION**

On May 5, 2020, the United States Court of Appeals for the Seventh Circuit issued its decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (hereinafter "*Bryant*"), resolving an issue that had divided district courts for years: whether (and which) violations of the Illinois Biometric Privacy Act, 745 ILCS 14/15 *et seq.* ("BIPA"), are injuries sufficient to confer standing under Article III of the Constitution. *Bryant* held that the disclosure obligations created by Section 15(a) of BIPA, 740 ILCS 14/15(a) – which require private entities possessing biometrics to establish a publicly-available biometric retention and destruction schedule – are owed to the public generally, rather to any particular person, and are not part of BIPA's "informed consent" regime. Accordingly, the Seventh Circuit held that the plaintiff in *Bryant* did not suffer a concrete and particularized injury as a result of the defendant's violation of

Section 15(a), and thus lacked Article III standing to pursue that claim in federal court. On June 30, 2020, the Seventh Circuit modified its decision, but maintained its holding that an alleged violation of this first provision of Section 15(a), standing alone, does not confer Article III standing. *Bryant*, 958 F.3d at 626 (as modified).

Thereafter, on January 14, 2021, the Seventh Circuit issued its decision in *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241 (7th Cir. 2021) (hereinafter "*Thornley*"), addressing Article III standing in the context of claims brought pursuant to Section 15(c) of BIPA, 740 ILCS 14/15(c), which prohibits possessors of biometrics from selling, trading, or otherwise profiting from individuals' biometrics. The Seventh Circuit affirmed the district court's remand of the plaintiffs' Section 15(c) claim to state court, holding that where plaintiffs allege only statutory aggrievement under Section 15(c) – and no actual damages or other injury – they do not have Article III standing to pursue that claim in federal court.

Here, Plaintiff has alleged the same procedural violations of Section 15(a) and Section 15(c) as the plaintiff in *Bryant* and *Thornley*, respectively. Thus, binding Seventh Circuit precedent dictates that Plaintiff lacks Article III standing to pursue either of his claims in federal court. Accordingly, because Defendant removed this case from the Circuit Court of Champaign County, Illinois, this case must be remanded to that court as a matter of law.

## II.  PROCEDURAL HISTORY

Plaintiff filed his First Amended Class Action Complaint ("Compl." Dkt 1-2, at ¶¶ 2–6; 19-22) against Defendant in the Circuit Court of Champaign County, Illinois on February 15, 2022, alleging that Defendant violated BIPA by gathering facial biometrics of individuals for identity verification purposes. The Complaint contains two counts, alleging that Defendant violated Section 15(a), which requires, among other things, that private entities in possession of biometric

information make publicly available a biometric data retention and destruction policy; and Section 15(c), which prohibits private entities from selling, leasing, trading or otherwise profiting from an individual's biometric information. (*Id*. at ¶¶ 23, 24.) On May 21, 2022, Defendant removed this action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), and 1453(b). (Dkt. 1). Shortly thereafter, on May 23, 2022, Defendant filed its Motion to Dismiss Plaintiff's Complaint (Dkts. 2-3) and a Motion to Transfer Venue (Dkts. 4-5).[1]

### III.    LEGAL STANDARD

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994). Article III standing is a threshold element of federal subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

### IV.    ARGUMENT

**A. Under *Bryant*, This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Section 15(a) Claim.**

In this case, Plaintiff alleges that Defendant violated Section 15(a) by failing to make publicly available a biometric retention and destruction schedule. (Compl. ¶¶ 23, 39). In *Bryant*, the plaintiff pled the same allegations that the defendant violated Section 15(a) by "possessing the Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction

---

[1] In light of the doubts under *Bryant* and *Thornley* regarding this Court's subject matter jurisdiction over this entire case, Plaintiff has concurrently moved to stay briefing on Defendant's pending Motions.

3

guidelines for its possession of biometric identifiers and information." (See *Bryant v. Compass Group, Inc.*, No. 19-cv-06622, Dkt. 1-1, at ¶ 52 (N.D. Ill. Oct. 4, 2019)).[2] The Seventh Circuit determined this alleged violation of Section 15(a)'s first provision insufficient to confer Article III standing:

> Bryant alleged only a claim under the provision of [Section 15(a)] requiring development of a "written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,'' *not under the provision requiring compliance with the established retention schedule and destruction guidelines* . . . This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a) . . . We conclude that Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a).

*Bryant*, 958 F.3d at 626 (7th Cir. 2020) (emphasis added).

Accordingly, under *Bryant*, Plaintiff's allegations here do not confer Article III standing with respect to his Section 15(a) claim.

Following *Bryant*, the Seventh Circuit also addressed Article III standing in relation to Section 15(a) in *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020). In *Fox*, the plaintiff did "not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, [the plaintiff] allege[d] a concrete and particularized invasion of her privacy interest in her biometric data stemming from [the defendant's] violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, and *comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law." *Fox*, 980 F.3d at 1149 (emphasis in original). The Seventh Circuit considered this alleged "unlawful retention" of Fox's biometric data to be a concrete and

---

[2] A true and correct copy of the *Bryant* complaint analyzed by the Seventh Circuit is attached hereto as Exhibit A.

4

particularized "privacy injury" similar to an unlawful collection of biometrics under 740 ILCS 14/15(b). Nonetheless, the Seventh Circuit reaffirmed its holding in *Bryant* that "a mere failure to publicly disclose a data-retention policy" is insufficient to confer Article III standing. *See id.* at 1154.

In this case, Plaintiff – like the *Bryant* plaintiff, and unlike the *Fox* plaintiff – alleges only that Defendant failed to develop a publicly available data retention policy as required by Section 15(a). (Compl., ¶¶ 23, 39). Plaintiff does not allege that Defendant has failed to "comply with data retention and destruction policies" or "wrongful retention of [their] biometric data . . . beyond the time authorized by law." *Fox*, 980 F.3d at 1149. Courts in this Circuit have consistently held that claims under Section 15(a) based solely on a failure to make a publicly available retention and destruction policy are insufficient to confer Article III standing. *See, e.g., Patterson v. Respondus, Inc.*, 20-cv-7692, 2022 WL 860946, at *17 (N.D. Ill. Mar. 23, 2022) ("Without allegations of a more concrete and particularized harm, such as the unlawful retention of their biometric data beyond the time limits set by section 15(a), Plaintiffs lack standing to assert these claims in federal court. The court will therefore remand the Patterson and Veiga complaints' section 15(a) claims against Respondus."); *Schaeffer v. Amazon.com, Inc. et al.*, No. 21-cv-01080, 2022 WL 190641, at *2 (S.D. Ill. Jan. 21, 2022) ("Schaeffer alleged that Amazon 'did not develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.'…Through this pleading, Schaeffer made it clear that she is only asserting a bare procedural violation…Therefore, her § 15(a) claim does not satisfy the injury-in-fact requirement for Article III standing"); *Carpenter v. McDonald's Corp.*, 21-cv-02906, 2021 WL 6752295, at *1 (N.D. Ill. Nov. 1, 2021) ("The Court agrees with Plaintiff that her Section 15(a) claim only alleges failure to publicly disclose . . . never does the

complaint allege Defendant failed to have a [policy] . . . nor does the complaint allege that Defendant actually failed to comply with its own policies . . . Plaintiff's Section 15(a) claims are like those in Bryant"); *Kislov et al. v. American Airlines, Inc.*, No. 17-cv-9080, 2021 WL 4711741, at *4 (remanding Plaintiffs' Section 15(a) claims and noting that the complaint "alleges merely that [the defendant] 'failed to make publicly available any policy addressing its biometric retention and destruction policies'" and that "Plaintiff here have not alleged that [the defendant] failed to comply with any such policies" or that it "unlawfully retained their biometrics"); *Colon v. Dynacast*, LLC, No. 20-cv-3317, 2021 WL 492870, at *5 (N.D. Ill. Feb. 10, 2021) ("[T]he Court reads the complaint as alleging a section 15(a) claim based only on Defendant's failure to publish its data policy—not Defendant's failure to comply with any data policy. As explained in *Bryant*, the Court lacks jurisdiction over this claim") (emphasis in original); *Marquez v. Google LLC*, No. 20-cv-4454, 2020 WL 6287408, at *2 (N.D. Ill. Oct. 27, 2020) (remanding Section 15(a) claim under *Bryant* where the plaintiff alleged the defendant failed to "provide a publicly available written policy regarding its schedule and guidance for the retention and permanent destruction of individuals' biometrics"); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-cv-00046, 2020 WL 4815960, at *7 (S.D. Ill. Aug. 19, 2020).

In sum, because Plaintiff here seeks relief only under the first provision of Section 15(a), alleges only that Defendant has failed to make publicly available a data retention and destruction policy (like in *Bryant*), and does not allege (like in *Fox*) that Defendant has actually unlawfully retained his biometrics in violation of any policy, this Court lacks jurisdiction over Plaintiff's Section 15(a) claim.

### B. Under *Thornley*, This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Section 15(c) Claim.

In *Thornley*, the plaintiff alleged that the defendant violated Section 15(c) because it "sold access to Plaintiffs' and the Class' biometric identifiers or biometric information in the Clearview AI Database to customers based in Illinois or otherwise profited in Illinois from Plaintiffs' and the Class's biometric identifiers or biometric information . . . ." (*See Thornley v. Clearview AI, Inc.*, No. 20-cv-03843, Dkt. 1-1, at ¶ 37).[3] The *Thornley* plaintiffs alleged only a statutory aggrievement (seeking only statutory, rather than actual, damages) and did not allege some other personal harm beyond a violation of Section 15(c)'s prohibition against profiting from biometrics. (*Id.* at ¶¶ 38–39). Here, similarly, Plaintiff alleges only that "by charging for use of its online verification technology on a per-test-taker and per-biometric-verification basis, Defendant has profited directly from Plaintiff's and the other Class members' facial biometric identifiers." (Compl., ¶ 24). Like the *Thornley* plaintiff, Plaintiff seeks only statutory, rather than actual, damages for Defendant's alleged violation of Section 15(c).

According to the Seventh Circuit in *Thornley*, these allegations and assertions of statutory harm alone concern "only a general, regulatory violation" of Section 15(c), address only the regulated entity, and assert an insufficiently particularized or concrete injury so as to confer federal Article III standing. 984 F.3d at 1248–49. The Seventh Circuit theorized that a plaintiff may be able to allege an Article III injury-in-fact under Section 15(c) by asserting some type of personal harm beyond a violation of Section 15(c) itself, such as being deprived of the opportunity to profit from the plaintiff's own biometrics. *Id*. at 1247. However, like Plaintiffs here, the *Thornley* plaintiffs' complaint alleged only that the defendant violated Section 15(c)'s general prohibition

---

[3] A true and correct copy of the *Thornley* complaint analyzed by the Seventh Circuit is attached hereto as <u>Exhibit B</u>.

against profiting from biometrics, and so the Seventh Circuit affirmed the district court's holding that it lacked jurisdiction and affirmed the district court's remand of the Thornley plaintiffs' Section 15(c) claim to state court.

In *Duerr v. Bradley University*, Judge Darrow recently applied *Thornley* to allegations identical to those pled by Plaintiff here, ruling that the plaintiff's allegations as to defendant's "commercial advantage from the collection of Plaintiffs' biometric information are more specific regarding the nature of Defendant's alleged unlawful profit…but those allegations do not speak to the nature of Plaintiffs' resultant injury…. Without allegations that Plaintiffs suffered any injury beyond a general regulatory violation of Section 15(c), the Court cannot conclude they have Article III standing with respect to that claim." No. 21-cv-01096, 2022 WL 1487747 at *3 (C.D. Ill. Mar. 10, 2022) (internal citations omitted); *see also Carpenter,* 2021 WL 6752295, at *4–5; *King v. PeopleNet Corp.*, No. 21-cv-2774, 2021 WL 5006692, at *5 (N.D. Ill. Oct. 28, 2021). Here, similarly, Plaintiff alleges that Defendant violated Section 15(c) generally. Thus, under *Thornley*, which acknowledged that Illinois courts "permit[] BIPA cases that allege bare statutory violations," 984 F.3d at 1248-49, this Court lacks subject matter jurisdiction over Plaintiff's Section 15(c) claim as well.

### C. Plaintiff's Lack Of Article III Standing Means This Court Lacks Subject Matter Jurisdiction Over Those Claims, Requiring Remand To The Originating State Court.

A "federal court has subject matter jurisdiction over a claim only if the plaintiff has Article III standing to bring it." *Figueroa v. Kronos Inc.*, No. 19-cv-1306, 2020 WL 4273995, at *2 (N.D. Ill. July 24, 2020) (citing *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)). Therefore, Plaintiff's lack of Article III standing with respect to his claims means this case must be remanded to the Circuit Court of Champaign County, Illinois – the

court from which this case was removed – because where a district court lacks subject matter jurisdiction over removed claims, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded"); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (even where only some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate).

This Court may safely follow the numerous district courts in this Circuit which have remanded removed Section 15(a) and Section 15(c) claims for lack of subject matter jurisdiction. *See, e.g., Duerr,* 2022 WL 1487747, at *4 ("Plaintiffs' Section 15(c) claim is severed and remanded to state court"), *Patterson,* 2022 WL 860946, at *27 (N.D. Ill. Mar. 23, 2022) ("[T]he court remands Plaintiff's section 15(a) and 15(c) claims against Respondus for lack of standing"), *Schaeffer* 2022 WL 190641, at *3 (S.D. Ill. Jan. 21, 2022) ("The claims under BIPA § 15(a) and (c) are severed and remanded to the Third Judicial Circuit Court, Madison County, Illinois"); *King,* 2021 WL 5006692, at *5 (remanding BIPA claims under Section 15(a) and 15(c)); *Carpenter*, 2021 WL 6752295 at *9 (ruling that the plaintiff's 15(a) and 15(c) claims "are remanded to the Circuit Court of Cook County, Illinois"); *Colon*, 2021 WL 492870, at *5 (severing and remanding Section 15(a) claim to the Circuit Court of Cook County, Illinois); *Burlinski*, 2020 WL 5253150, at *4 ("[B]ecause there is no Article III jurisdiction over the Section 15(a) claims, it makes sense to sever and remand those claims back to state court, as the Plaintiffs have requested"); *Stauffer*, 2020 WL 4815960, at *8 ("Plaintiff does not have Article III standing for her Section 15(a) claims . . . [those claims] are remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois"); *Kloss v. Acuant, Inc.*, No. 19-cv-6353, 2020 WL 2571901, at *2 (N.D. Ill. May 21, 2020)

9

("Applying the Bryant Court's holding, we conclude that we lack subject-matter jurisdiction over [plaintiff's] Section 15(a) claims . . . . The Court accordingly severs and remands [plaintiff's] claims under Section 15(a) back to state court for lack of subject-matter jurisdiction"); *Hazlitt v. Apple Inc.*, 2021 WL 2414669, at *9 (severing and remanding Section 15(c) claim to state court).

Notably, Plaintiff's lack of standing to bring his claims in *this* Court does not preclude Plaintiff from proceeding with this case in the Circuit Court of Champaign County, Illinois, where this case was initially filed. Indeed, the Illinois Supreme Court has held that Illinois courts are "not required to follow federal law on issues of standing, and ha[ve] expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010); *Greer v. Ill Hous. Dev. Auth.*, 524 N.E.2d 561, 574 ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality."); *Thornley*, 948 F.3d at 1248–49 ("[Plaintiffs] may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury").

Accordingly, this Court should remand this case to the Illinois state court from which it was removed, and which has the jurisdiction to adjudicate Plaintiff's claims: the Circuit Court of Champaign County, Illinois.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff Kyle Stalcup respectfully requests that the Court enter an Order: (i) remanding this case to the Circuit Court of Champaign County, Illinois; and (ii) for such other and further relief the Court deems reasonable and just.

Dated: June 2, 2022                                         Respectfully submitted,

                                         KYLE STALCUP individually and on behalf of similarly situated individuals

By:   /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

David L. Gerbie
Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

**CERTIFICATE OF SERVICE**

    I hereby certify that, on June 2, 2022, I caused the foregoing *Plaintiff's Motion to Remand* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

                                                 /s/ Timothy P. Kingbsury